UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

STEVEN G. POTTER )
)
V. ) NO. 2:13-CV-200
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security )

REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge, under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. This action is for judicial review of the denial of the plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act following an administrative hearing before an Administrative Law Judge ["ALJ"]. The plaintiff has filed a Motion for Judgment on the Pleadings [Doc. 11] while the defendant Commissioner has filed a Motion for Summary Judgment [Doc. 13].

The sole function of this Court in making this review is to determine whether the findings of the Commissioner are supported by substantial evidence in the record. *McCormick v. Secretary of Health and Human Services,* 861 F.2d 998, 1001 (6th Cir. 1988). "Substantial evidence" is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury. *Consolo v. Federal Maritime Commission*, 383 U.S. 607 (1966). The Court may not try the case *de novo* nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). Even if the reviewing court were to resolve the factual issues differently, the Commissioner's decision must stand if supported by substantial evidence. *Liestenbee v. Secretary of Health and Human Services,* 846 F.2d 345, 349 (6th Cir. 1988). Yet, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

Plaintiff was 37 years of age at the time of his alleged disability onset date of November 30, 2007. He has a high school education. No one disputes that he cannot perform his past relevant work.

Plaintiff's medical history is summarized in his brief as follows:

> The Plaintiff has complained of chest pains for a number of years. In January 2007, he was seen by Dr. Jonathan MacCabe (TR 149-151). He underwent a Myoview stress test which was normal (TR 153). However, an echocardiogram showed mild mitral regurgitation (TR 155). In February 2007, Dr. MacCabe opined that the Plaintiff's chest pain was likely non-cardiac given his recent normal stress test (TR 157). In March 2010, the Plaintiff was noted to have diabetes by Dr. Raina Sluder (TR 168).
> 
> The Plaintiff was evaluated by Dr. Marianne Filka in December 2010. She diagnosed the Plaintiff as suffering from chronic constant lumbar and tailbone pain with intermittent right hip radicular sharp pains, a history of a fractured lumbar transverse process from a fall, chronic intermittent mid back pain, adult onset diabetes with peripheral neuopathy as the main sequelae, chest pain, a history of mitral regurgitation, a history of juvenile rheumatoid arthritis, hypertension, arthralgia in his knees, ankles and feet, tobaccoism, a remote history of marijuana use, a history of tension headaches, a history of vertigo (TR 185), anxiety and depression based upon a review of systems, and borderline hypercholesterolemia (TR 186). She opined that the Plaintiff should be allowed to alternate positions to standing, sitting and walking as needed for comfort, and should no do any heavy lifting but could occasionally lift up to 40 pounds and frequently up to 30 pounds, he should not be pushing or pulling more than 50 pounds, and should not operate heavy vibrating equipment (TR 186). An x-ray noted mild osteoarthritic changes and disk space narrowing primarily in the lower lumbar vertebra (TR 187).

2

> A state agency reviewing psychologist, Dr. Jeffrey T. Bryant, Ph.D. opined that the Plaintiff had no medically determinable impairment (TR 189).
> The state agency reviewing physician, Dr. Marvin H. Cohn opined that the Plaintiff could occasionally lift 50 pounds, could frequently lift 25 pounds, could stand or walk about six hours out of an eight hour workday and could sit about six hours in an eight hour work day (TR 204). Another state agency reviewing physician, Dr. Janet C. Pelmore, opined similar restrictions (TR 214).
> The Plaintiff came under the care of Dr. Sally A. Nicks, a rheumatologist, in January 2012. She noted that the Plaintiff had mild nodularity in the palmar flexor tendons with slight tenderness and he was tender in the MCP's. There was also slight swelling in the medial ankles, mid feet only and his c-spine range of motion was limited in all directions. There was also a slight decrease in his shoulder range of motion and Patrick's test caused discomfort in either hip and lower back. Dr. Nicks diagnosed pain in the joints at multiple sites and she thought that he might have fibromyalgia along with probable underlying arthritis (TR 224). In April 2012, Dr. Nicks diagnosed the plaintiff as suffering from spondyloarthropathy and he was put on Methotexate (TR 239). He was also diagnosed as suffering from degenerate disk disease of the lumbar spine and fibromyalgia (TR 240).

[Doc. 12, pgs. 3 and 4].

Dr. Robert Spangler, a vocational expert ["VE"], testified at the hearing before the ALJ. The ALJ asked Dr. Spangler to "assume physically the claimant is restricted to light work. Further assume he requires a sit/stand option. Assume he can't have any concentrated exposure to temperature extremes or vibration. And assume that he can't perform more than occasional fine manipulation." When asked if there were jobs that person could perform, Dr. Spangler opined that 651,700 national jobs and 13,797 regional jobs which a person with those limitations could perform. (Tr. 44-45).

In his hearing decision, the ALJ found that the plaintiff had severe impairments of a lower back impairment; arthritis in the knees, elbows, and hands; a heart valve abnormality; and diabetes mellitus with neuropathy in the feet and hands (Tr. 14). He found that the plaintiff's hypertension was controlled and not severe. He found that the plaintiff did not have a severe mental impairment. (Tr. 14-15).

3

He found that the plaintiff had the residual functional capacity ["RFC'] to perform light work, except that he would require a sit/stand option as needed. Also the plaintiff could not have any concentrated exposure to temperature extremes or vibration, and could not perform more than occasional fine manipulation bilaterally. (Tr. 17 ). He then discussed the plaintiff's daily activities and how these "weakens his credibility" with respect to his subjective complaints. (Tr. 18). He then thoroughly discussed the medical evidence in this fairly sparse record, particularly the examination and findings by Dr. Marianne Filka, the Commissioner's consultative examiner. (Tr. 19). He then went on to attach great weight to Dr. Filka's opinion regarding the plaintiff's physical RFC, finding her "opinion is supported by the medical findings and is consistent with the medical evidence of record." (Tr. 20).

With respect to the state agency examiners, he gave them "some weight...to the extent they are consistent with" the ALJ's RFC finding, noting he gave the plaintiff the benefit of the doubt in finding him more restricted physically than the state agency reviewers opined. (Tr. 20).

Based upon the testimony of the VE, he found that there were a significant number of jobs which the plaintiff could perform and that he was not disabled. (Tr. 21-22).

The ALJ's negative decision was rendered on April 17, 2012. On December 23, 2012, the plaintiff was examined by Dr. Laura Tugman, Ph.D., with Psychological Consulting Services, LLC in Johnson City, Tennessee. Apparently, this examination took place as a result of urging by plaintiff's wife. The report of this exam is not in the administrative record. However, it was obviously before the Appeals Council, who mention it in their decision upholding the ALJ. (Tr. 2). The report is attached to the plaintiff's brief [Doc. 12-

4

1]. Dr. Tugman noted the plaintiff moved about as if in some degree of pain. She stated he was alert and oriented to person, place, time and situation. His behavior was said to be cooperative and pleasant throughout the interview. His though process was well-organized and he had no difficulty displaying a logical and coherent train of thought. His affect was noted to be dysphoric, although his insight and judgment were good. The assessment was based entirely upon the interview with the plaintiff and with plaintiff's wife. [Doc. 12-1 pg. 1].

Dr. Tugman discussed the plaintiff's physical and social history, and then noted "*Mr. Potter reports that he has become increasingly depressed over the past 4-5 years* [emphasis added]. He states that the depression has occurred due to his declining health, being unable to work, and experiencing almost constant pain." *Id.,* pg. 2. Dr. Tugman opined that the plaintiff suffered from moderate major depression with a Global Assessment of Functioning of 51. *Id.,* pg. 3.

Plaintiff first asserts that the ALJ's decision is not supported by substantial evidence. In this regard, plaintiff maintains the ALJ erred in not including the limitations imposed by Dr. Filka in his hypothetical to the VE, and that the VE allegedly testified that if the plaintiff had the limitation of having to sit or stand at will for relief, there were no jobs he could perform. Plaintiff is incorrect on both counts.

With respect to the plaintiff's physical RFC, the ALJ clearly incorporated Dr. Filka's assessment into his question to the VE. (Tr. 43-44). Plaintiff then asserts that "when the vocational expert was asked about an individual who needed to sit, stand, or walk, he opined such an individual could perform no jobs." [Doc. 12, pg. 7]. To the contrary, Dr. Spangler

5

reduced the number of jobs by 90% to take account of the necessity for the sit stand option, and this left a substantial number of jobs which the plaintiff could perform.

It is true that the ALJ found that the plaintiff had no severe mental impairment, and did not include one in the hypothetical to the VE. Dr. Filka did include "anxiety and depression based on review of systems" in her diagnoses (Tr. 186). However, in the mental status portion of the assessment, she stated "the patient has appropriate appearance and movement for the clinical situation. Thoughts are logical. *Mood and affect do not appear to be depressed or anxious* [emphasis added] nor does he exhibit illusions or hallucinations. His attention and concentration is appropriate." (Tr. 185). Thus, at best, Dr. Filka's report is confusing, diagnosing anxiety and depression while observing nothing out of the ordinary in the exam itself. At any rate, plaintiff had never received any mental health treatment or medications. Also, the state agency psychologist, noting Dr. Filka's report, stated that the medical evidence of record "does not support the presence of a mental MDI." There was thus ample evidence on which the ALJ could base a finding that the plaintiff had no mental impairment.

Plaintiff also challenges the ALJ's finding regarding the plaintiff's lack of total credibility regarding his subjective complaints. The ALJ adequately explained his finding in this regard, particularly noting the plaintiff's daily activities of grocery shopping and performing a wide range of household chores, which "are inconsistent with the claimant's allegations of disabling symptoms and limitations." (Tr. 18).

Plaintiff's second allegation of error is that the case should be remanded for further consideration due to the above-mentioned report of Dr. Laura Tugman dated December 23,

6

2012, several months after the ALJ's decision, but before review by the Appeals Council. In order to support such a remand, the plaintiff must demonstrate that the evidence is new and material and that good cause exists for not submitting the evidence in the prior proceeding. *See 42 U.S.C. §405(g); Melokoyan v. Sullivan*, 501 U.S. 89,98, 101-02 (1991); and *Cline v. Commissioner of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The evidence is "new" and good cause existed for not presenting it to the ALJ as it did not yet exist. However, the Court agrees that the evidence lacks materiality.

First, the report was based upon an examination of the plaintiff that occurred eight months after the ALJ made his determination that the plaintiff had no severe mental impairments. Thus, it does not relate to the time period under consideration by the ALJ. For example, if the plaintiff did develop anxiety and depression, what if it were *because* of the adverse finding of the ALJ? Such bootstrapping is not permitted under the Social Security Act.

Also, just as was the case with Dr. Filka's diagnosis of anxiety and depression, there is nothing in the medical history other than the assertion of the plaintiff that he is depressed and anxious. Dr. Tugman's report, standing alone without any countermanding opinion, could constitute evidence that the plaintiff had a mental impairment in December of 2012, but it still does not show he had that condition during the time considered by the ALJ. There was substantial evidence that the plaintiff did not have a mental impairment as of April 17, 2012 when the ALJ rendered the decision. Plaintiff argues that Dr. Tugman "notes that the plaintiff's condition had existed for four or five years...". What Dr. Tugman actually said was "Mr. Potter reorts that he has become increasingly depressed over the past 4-5 years."

7

[Doc. 12-1, pg. 2). With no previous medical history of depression, and no opinion offered by Dr. Tugman that plaintiff was *in fact* depressed over those past years, plaintiff's statement is the only evidence that he was depressed or anxious during the time encompassed by the ALJ's decision. Likewise, the GAF of 51 mentioned in the opinion is of no consequence regarding his condition during the relevant period. Thus, Dr. Tugman's report is not material and there is nothing to compel a remand.

It is therefore respectfully recommended that the plaintiff's Motion for Judgment on the Pleadings [Doc. 11] be DENIED, and that the defendant Commissioner's Motion for Summary Judgment [Doc. 13] be GRANTED.[1]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

8